FILED
United States Court of Appeals
Tenth Circuit

July 23, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC LAMARIO MITCHELL,

    Defendant - Appellant.

No. 24-8029
(D.C. No. 2:23-CR-00151-SWS-1)
(D. Wyo.)

_____

### ORDER AND JUDGMENT*
_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Eric Lamario Mitchell entered a conditional plea of guilty to one count of

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He

received a 60-month prison sentence to be followed by three years of supervised

release. Mr. Mitchell appeals his conviction, contending the district court should

have dismissed the indictment on the ground that § 922(g)(1) violates the Second

Amendment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

In November 2023, a federal grand jury charged Mr. Mitchell with two counts of being a felon in possession of a firearm. He moved to dismiss the charges, contending that § 922(g)(1) was unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He acknowledged, however, that this court had already rejected that argument. *See Vincent v. Garland*, 80 F.4th 1197, 1201-02 (10th Cir. 2023) (holding that *Bruen* did not abrogate the Tenth Circuit's previous case law upholding the constitutionality of § 922(g)(1)).

The parties then entered a plea agreement in which Mr. Mitchell agreed to conditionally plead guilty to one of the counts and reserved his right to appeal based on the argument he presented in his motion to dismiss. At the change-of-plea hearing, the district court denied Mr. Mitchell's motion to dismiss and accepted his conditional plea of guilty. The district court thereafter sentenced Mr. Mitchell to 60 months in prison and three years of supervised release. This appeal followed.

Mr. Mitchell notes in his opening brief that in *Vincent*, the Supreme Court granted certiorari, vacated the judgment, and remanded to the Tenth Circuit to consider the defendant's arguments in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *See Vincent v. Garland*, 144 S. Ct. 2708 (2024). *Rahimi* involved a constitutional challenge to § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. 602 U.S. at 684.

After the parties in this case completed briefing, this court "freshly considered" the argument that § 922(g)(1) was unconstitutional, and concluded "that

2

*Rahimi* doesn't undermine the panel's earlier reasoning or result." *Vincent v. Bondi*, 127 F.4th 1263, 1264 (10th Cir. 2025). The court so held in part because "*Rahimi* again recognized the presumptive lawfulness of . . . longstanding prohibitions, like those on the possession of firearms by felons." *Id.* at 1265 (internal quotation marks omitted).

Even before this court reaffirmed *Vincent*, Mr. Mitchell conceded that he "would not presently argue against summary affirmance of the lower court's decision denying his motion to dismiss, or its judgment and sentence in his case." Aplt. Opening Br. at 10. Instead, he only seeks to preserve his arguments and "may further present them to this Court or a higher court in the future." *Id.* In light of *Vincent* and Mr. Mitchell's concession, we agree that summary affirmance is appropriate.

The judgment of the district court is affirmed.

Entered for the Court

Joel M. Carson III
Circuit Judge